**Roosevelt MILLER, Plaintiff–Appellant,**

**v.**

**George SUMNER, Director Nevada Department of Prisons; State Attorney General of Nevada, Defendants–Appellees.**

No. 88–1798.

United States Court of Appeals,
Ninth Circuit.

Submitted July 16, 1990 *.

Decided Aug. 8, 1990.

As Amended on Denial of
Rehearing Dec. 4, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

---

Roosevelt Miller, Jean, Nev., pro se.

Brian Randall Hutchins, Chief Deputy Atty. Gen., Carson City, Nev., for defendants-appellees.

Before TANG, NOONAN and RYMER, Circuit Judges.

RYMER, Circuit Judge:

The notice of appeal in this action was filed by Roosevelt Miller, a Nevada state prisoner, more than thirty days after entry of the order appealed from. It was therefore untimely under Fed.R.App.P. 4(a)(1).

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

However, because notices of appeal by *pro se* prisoners are deemed filed when delivered to prison authorities for forwarding to the court under *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), we remanded for the district court to determine whether Miller delivered his notice within the applicable period. *Miller v. Sumner*, 872 F.2d 287 (9th Cir.1989). The district court found that he had, based on declarations by Miller and another prisoner indicating that the notice had been timeously put in a mailbox at the prison facility. We disagree that evidence of mailing by deposit in a regular mailbox, instead of through the prison mail log system, suffices, and dismiss the appeal.

## I

On remand, the evidence considered by the district court was entirely documentary. Miller filed a petition for writ of habeas corpus with the United States District Court for the District of Nevada on February 20, 1987. The district court's order denying the petition was entered on December 16, 1987. Miller's notice of appeal was dated January 6, 1988; it was filed in the district court on February 10, 1988, along with his certificate of probable cause and a proposed order.

Miller submitted a declaration which states that he placed his notice of appeal in the Unit Five mailbox on or about January 14, 1988, along with his motion for certificate of probable cause. His declaration also states that the date on the notice of appeal and on the certificate of probable cause is the "exact date that those instrument [sic] were mailed from the Southern Nevada Correctional Center." The declaration of Clifford E. Osborn, who assisted Miller and opened the Unit Five mailbox for Miller to deposit the envelope, states that "those documents were mailed on the exact date that appears thereon."

An affidavit by the mailroom correctional officer indicates that the prison maintains a mail log for all certified or insured outgoing inmate mail. Logs for January and February show that Miller mailed no items during that period.[1]

The district court found that Miller must be deemed to have delivered his notice of appeal and motion for certificate of probable cause to prison authorities on or about January 14, 1988.

## II

*Houston* holds that a prisoner whose *pro se* habeas petition has been denied will be deemed to have filed his notice of appeal at the time he submits it to the prison authorities for mailing, rather than the date of receipt by the clerk. The Court adopted this limited exception to a strict "filing" requirement because the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control and whose interests might be adverse to his. However, this holding was premised on the assumption that "[t]he pro se prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date." 487 U.S. 266, 275, 108 S.Ct. 2379, 2385. By deciding that Miller must be deemed to have delivered his notice on January 14, the district court failed to consider that in this case the prisoner did not hand his notice over to prison authorities, but instead dropped it in a mailbox. Albeit a mailbox in a prison facility, this does not meet the *Houston* "bright line rule." *Id.* at 275, 108 S.Ct. at 2385.

For the exception to filing requirements for *pro se* prisoner appeals to apply, the prisoner must deliver the notice to prison authorities in a timely fashion for mailing so that the authorities may post it through the prison log system. *Houston*, 487 U.S.

---

1. The record in this case discloses no evidence that Miller attempted to deliver the notice to prison authorities or that the authorities would have refused to accept and mail it for him had he attempted it. Nor is there evidence that the mailbox was the only means available to him for sending his notice of appeal to the district court.

at 275, 108 S.Ct. at 2385. This is the only way to avoid uncertainty and chicanery.

As the documentary evidence is uncontroverted that Miller used a regular mailbox only, we set aside the district court's finding of timeliness, vacate the certificate of probable cause, and dismiss for lack of jurisdiction.

DISMISSED.