UNITED STATES of America,
Plaintiff–Appellee,

v.

Louis A. LEONARD,
Defendant–Appellant.

No. 88–1671.

United States Court of Appeals,
Tenth Circuit.

June 17, 1991.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., on the briefs, for defendant-appellant.

Timothy D. Leonard, U.S. Atty., and K. Lynn Anderson, Asst. U.S. Atty., on the brief, for plaintiff-appellee.

Before TACHA, BALDOCK and EBEL, Circuit Judges.

TACHA, Circuit Judge.

Defendant-appellant Leonard pleaded guilty to possession of phencyclidine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The court sentenced him to twenty-five years' imprisonment followed by twenty years' supervised release. Leonard appealed pro se, seeking to withdraw his guilty plea for various reasons. Because he failed to file a timely notice of appeal, we remanded for a determination whether prison officials or procedures interfered in any way with his attempts to file. The district court found they did not. Based on the district court's finding, we dismiss this appeal for lack of jurisdiction.[1]

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.

Leonard was sentenced on December 10, 1987. He claims to have posted a notice of appeal in the regular prison mail on or after December 23, 1987. The district court clerk did not receive and file this letter until April 25, 1988. Leonard also sent a letter dated January 18, 1988 that the court received on January 22, 1988. In that letter, Leonard requested relief under Rule 35 of the Federal Rules of Criminal Procedure for an allegedly illegal sentence. Under the circumstances of this case, we treat this letter as the functional equivalent of a notice of appeal.

Rule 4(b) of the Federal Rules of Appellate Procedure requires that criminal defendants file a notice of appeal within ten days after the entry of judgment. Rule 4(b) allows thirty additional days to file a notice of appeal if the appellant successfully moves the district judge to find the delay in filing is due to "excusable neglect." When a district court grants an extension for excusable neglect, filing a notice of appeal within the thirty-day extension allowed by the rule establishes appellate jurisdiction. *United States v. Avery*, 658 F.2d 759, 761 (10th Cir.1981).

Generally, a notice of appeal will be considered timely filed when it is received by the district court within either the ten-day period or the possible thirty-day extension period of Rule 4. In *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that a pro se prisoner's notice of appeal also is considered timely filed when the notice is posted in the prison legal mail system within the applicable time limit. *Id.* at 2385. The Court in *Houston* recognized that a prisoner acting pro se has no choice but to entrust his mail to prison officials and cannot adequately follow up on misdirected mail. *Id.* at 2382–83. The Court reasoned that the prison's legal mail procedures, by which mail is logged in at the time and date it is received, provide a "bright line rule" for determining the date of a pro se prisoner's "filing." *Id.* at 2385.

We decline to extend the special filing rule of *Houston* to allow deposits in regular prison mail to constitute filing under Rule 4. The decision in *Houston* was based on pro se prisoners' lack of opportunity to ensure their notice of appeal is timely filed when forced to rely on prison officials. With the advantage of the special filing requirements established in *Houston*, however, a pro se prisoner arguably is in a better position than non-incarcerated individuals with respect to the filing requirements of Rule 4. We see no reason to afford him further opportunities to satisfy the timely filing requirement. Additionally, the "bright line" safeguard against "chicanery and uncertainty" is lacking when regular prison mail is used. *Miller v. Sumner*, 921 F.2d 202, 204 (9th Cir.1990). A pro se prisoner who fails to take advantage of the special filing rule applicable to notices of appeal posted through the legal mail system foregoes the benefits of that system.

There is no dispute Leonard failed to file a notice of appeal within the regular ten-day period prescribed by Rule 4. His first notice was dated December 23, 1987, thirteen days after his sentencing. Leonard also has not requested a thirty-day extension to file due to excusable neglect. Moreover, even if he were able to show excusable neglect, Leonard did not file either of his notices of appeal within forty days of his sentence. His second notice was dated January 18, 1988, thirty-eight days after sentencing; but it was not received and filed by the clerk until January 22, 1988, forty-two days after sentencing. Leonard did not use the prison legal mail system for either of his letters and, therefore, does not benefit from the special filing rule for pro se prisoners provided by *Houston*.

We therefore DISMISS this appeal for lack of jurisdiction.

App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.