972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor BECERRIL, Plaintiff-Appellant,
v.
Clayton KIDD; Eunice V. Martin; William B. Sutton, et al.,
Defendants-Appellees.
Victor BECERRIL, Plaintiff-Appellee,
v.
Clayton KIDD; Officer Vaughn; Officer Vizmanos,
Defendants-Appellants.
 Nos. 90-16370, 91-15095.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Aug. 27, 1992.
 
 1
 Before TANG and TROTT, Circuit Judges, and BREWSTER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Victor Becerril, an inmate at the Arizona Department of Corrections ("ADOC"), filed an action pursuant to 42 U.S.C. § 1983 (1988) against various state and local employees and police officers in Arizona. The district court granted the defendants' motions to dismiss and for summary judgment. Becerril appeals the district court order. Several of the defendants appeal the district court's ruling that Becerril's notice of appeal was timely filed.
 
 
 4
 * Becerril was sentenced to a term of imprisonment in 1986, with his Maximum Expiration Date ("MED") calculated as April 23, 1989. Becerril was released on parole on October 25, 1988. On January 4, 1989, he failed to report to defendant Jacobs, his parole officer. Becerril was placed on "absconder status" and a warrant was issued.
 
 
 5
 On April 11, 1989, Officer Ken Vaughn of the Tucson Police Department stopped Becerril for making an illegal turn. Officer Vaughn discovered that Becerril had violated parole and a warrant for his arrest had been issued by the ADOC. Becerril was placed under arrest.
 
 
 6
 Officer Clayton Kidd arrived to assist Officer Vaughn. During the course of the arrest, Officer Kidd searched the glove compartment of the car for the vehicle registration or title. In the glove compartment, Officer Kidd found a syringe containing a clear liquid, which was later determined to be cocaine.
 
 
 7
 The syringe was placed on top of the car near Becerril, who was handcuffed. Becerril was close enough to the syringe that he was able to grab it with his mouth. When Officer Vaughn discovered that Becerril had the syringe in his mouth, he struck Becerril once on the back of the head to dislodge the syringe and allow Officer Kidd to remove it.
 
 
 8
 Officers Pedro Gonzales and Evan Vizmanos were summoned to transport Becerril to the Pima County Jail. The officers did not give Becerril Miranda warnings and refused to take a statement from him. At the jail, Officer Gonzales confirmed that there was an outstanding warrant for Becerril's arrest. Becerril was not interrogated at any time.
 
 
 9
 Officer Gonzales filed a report regarding the incident. On the face of the report Officer Gonzales wrote "no bond." On the same afternoon as the arrest, Becerril appeared before a magistrate judge where bond was set on the drug charges at $25,000. At the request of ADOC, the magistrate judge ordered Becerril to be held without bond on the parole violation. While still in jail, Becerril's mouth and gums became inflamed and several teeth were removed.
 
 
 10
 ADOC recalculated Becerril's MED by adding the 97 days he was on "absconder status." The new MED was July 30, 1989.
 
 
 11
 Becerril filed a complaint against the various defendants alleging violations of his Constitutional rights. On May 24, 1990, the district court granted summary judgment in favor of all defendants. The record establishes that Becerril had delivered a notice of appeal to the prison mail system on June 18, 1990. Becerril had the notice of appeal notarized by a prison librarian. The notice, however, was not logged into the prison mail system because it was neither registered nor certified mail. A notice of appeal was eventually filed on September 7, 1990. This court remanded the case to the district court to determine when Becerril had delivered the notice of appeal to prison authorities. The district court concluded that the notice of appeal was timely filed because it was delivered to prison authorities on June 18, 1990.
 
 II
 
 12
 Kidd, Vaughn, Vizmanos, and Gonzales appeal the district court's ruling that Becerril's notice of appeal was timely. They argue that Becerril's appeal is untimely and must be dismissed. We disagree.
 
 
 13
 When a prisoner merely deposits a notice of appeal in a prison mailbox, no special protection is afforded him. Miller v. Sumner, 921 F.2d 202, 203-04 (9th Cir.1990). If, however, the prisoner delivers the notice of appeal to prison authorities to forward to the court clerk, the notice is deemed filed at the time of delivery. Houston v. Lack, 487 U.S. 266, 275-76 (1988). This rule recognizes that once the notice is in the control of prison authorities, the prisoner has no control over subsequent delay. Id. at 275. The inherent concern with allowing this exception, however, is "uncertainty and chicanery." Miller, 921 F.2d at 204.
 
 
 14
 The record establishes that Becerril delivered the notice of appeal to the prison officials for general mailing, thus it was not on the prison mail logs. He did not use the prison logging system because of the added expense. However, Becerril had the notice notarized before he mailed it. Although Becerril's mailing of the notice of appeal does not appear in the prison mail logs, this alone is not fatal. In light of the added expense that is necessary to have a prisoner's mail placed on the prison mail logs, notarization of the notice provides reliable evidence of its preparation. Although the prison mail log is still the most effective method to prove delivery to prison authorities, we uphold the district court's conclusion that Becerril delivered the notice of appeal to authorities on June 18, 1990, as this conclusion was based on reliable evidence.
 
 III
 
 15
 We review de novo a grant of summary judgment. Fulton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). We turn now to Becerril's Section 1983 claims.
 
 
 16
 * Becerril contends that he was not given Miranda warnings by Officer Vaughn, in violation of his Constitutional rights. See generally, Miranda v. Arizona, 384 U.S. 436 (1966). However, Miranda warnings are only required when the police interrogate an individual who is in custody. Id. at 467-68, 471; United States v. Hudgens, 798 F.2d 1234, 1236-37 (9th Cir.1986). Because Becerril was not interrogated and no statement was taken from him, the failure to inform Becerril of his right against self-incrimination and his right to counsel, pursuant to Miranda, did not result in a violation of Becerril's Constitutional rights. Therefore, Becerril has no Section 1983 action against the officers based on this ground. See Cooper v. Dupnik, Nos. 88-15661, 88-15685, slip op. 5043, 5119 (9th Cir. May 5, 1992) (Wiggins, J., concurring) ("If the present case only involved allegations that the Miranda rights advisement was faulty, then there could be no liability under section 1983.").
 
 B
 
 17
 Becerril argues that Officer Kidd's search of the glove compartment violated his Constitutional rights. Because the car Becerril was driving was owned by his brother, the district court concluded that Becerril did not have a legitimate privacy interest in the car and thus could not challenge Officer Kidd's action. We disagree with this reasoning, but affirm on a separate ground.
 
 
 18
 "[A]s a general rule, only the owner of the vehicle[ ] or an individual with a legitimate privacy interest in the vehicle[ ] may challenge an allegedly illegal search." United States v. Wanless, 882 F.2d 1459, 1462 (9th Cir.1989). However, a driver has a legitimate expectation of privacy in a vehicle he does not own if he has the ability to prevent others from using the vehicle and if he operates it with the permission of the rightful owner. United States v. Portillo, 633 F.2d 1313, 1317 (9th Cir.1980), cert. denied, 450 U.S. 1043 (1981). Becerril had possession and control of his brother's car with his permission at the time he was stopped by Officer Vaughn. He thus had an expectation of privacy in the car and could challenge the search.
 
 
 19
 An expectation of privacy, however, does not automatically make the search unreasonable and subject the officer to civil liability. Police officers may search a vehicle incident to a valid arrest of the driver of the car. New York v. Belton, 453 U.S. 454, 460-61 (1980); see also Preston v. United States, 376 U.S. 364, 367-78 (1964); United States v. McConney, 728 F.2d 1195, 1206-07 (9th Cir.), cert. denied, 469 U.S. 824 (1984). Officer Kidd's search thus did not run afoul of the Fourth Amendment and will not support a Section 1983 action. We affirm the district court's dismissal. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987) (the district court may be affirmed on any ground finding support in the record).
 
 C
 
 20
 Becerril contends that Officer Vaughn used excessive force when removing the syringe from his mouth. In order to determine whether excessive force was used, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (quotations omitted). In evaluating the reasonableness of the officer's action, the court must look at the situation from the viewpoint of a reasonable officer on the scene and not with the benefit of hindsight. Id.
 
 
 21
 The government's interests included preventing Becerril from harming himself and from destroying the evidence. These interests must be weighed against Becerril's interest in not being struck. Becerril was struck only once with sufficient force to facilitate removal of a syringe from his mouth that was suspected of containing narcotics. Becerril attempts to demonstrate the strength of the blow by pointing to the fact that he had a loose dental crown and several teeth had to be removed. The record, however, establishes that Becerril's teeth were removed due to advanced periodontitis, not as a result of Officer Vaughn's blow. Becerril cannot tie the loosening of the crown to the blow. We conclude from the totality of the facts that the force used by Officer Vaughn in retrieving the syringe from Becerril's mouth was reasonable. Becerril's Fourth Amendment rights were not violated.
 
 D
 
 22
 Becerril argues that his rights were violated when Officer Gonzales wrote "no bond" on his report regarding the drug charges. Officer Gonzales' recommendation of "no bond" did not prejudice Becerril. The magistrate set bond at $25,000 on the drug possession charges. Becerril was denied bond only because he violated his parole requirements. The district court correctly granted summary judgment on this count.
 
 E
 
 23
 Becerril brought suit against employees of ADOC for recalculating his MED. It is unclear from the record whether the ADOC employees were sued as individuals or if they were named in their official capacities. Even if Becerril sued the ADOC employees in their personal capacities, the district court concluded, and we agree, that Ruiz, Rouse, Cardenas, and Jacobs are protected by the doctrine of qualified immunity. See generally Harlow v. Fitzgerald, 457 U.S. 800 (1982). Moreover, Becerril makes only vague and conclusory allegations against the state actors. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). The district court correctly dismissed Becerril's claims against Ruiz, Rouse, Cardenas, and Jacobs.
 
 
 24
 Becerril names Eunice Martin, an employee of the Pima County Adult Detention Center, in his complaint, but does not allege any actionable conduct against her. The district court correctly granted Martin's motion for summary judgment.
 
 IV
 
 25
 Becerril's notice of appeal was timely filed, and the district court was correct in so finding. The district court correctly granted the defendants' motions to dismiss and for summary judgment. Becerril has failed to allege any actionable conduct resulting from the issuance of a warrant, the arrest, the search of the glove compartment, the blow to his head, the failure to be granted bond, or the MED recalculation.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3