990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel CARMICHAEL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donovan C. DAVIS, Defendant-Appellant.
 Nos. 91-30351, 91-30430.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1992.
Decided March 25, 1993.
 
 Before: WALLACE, Chief Judge, and WRIGHT, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Donovan C. Davis and Daniel Carmichael were charged in a two count indictment with conspiracy to distribute (Count I) and attempted manufacture of and aiding and abetting the manufacture of (Count II) 280 grams "of a mixture and substance containing methamphetamine" in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. Davis appeals the district court's denial of his motion to withdraw his guilty plea and its refusal to grant a downward departure sua sponte. Carmichael appeals his conviction. He argues that the trial court committed reversible error by admitting testimony regarding his prior drug use.
 
 I. Davis
 
 3
 We do not reach the merits of Davis' appeal. We remand to the district court for a finding as to whether Davis' notice of appeal was timely. Final judgment was entered on October 18, 1991. The last day for Davis to file a notice of appeal was October 28, 1991. Davis' notice of appeal was filed by his attorney, Joe P. Josephson, on October 30, 1991.
 
 
 4
 However, that same day, Davis filed three letters with the district court. These letters were addressed to "District Court Doket (sic) Clerk," Josephson, and the "Honorable Mr. (sic) Singleton." Each was dated October 28, 1991. An envelope, in which the letters were apparently mailed, appears in the court file. It is postmarked October 29, 1991, and lists a return address of "Cook Inlet Pretrial."
 
 
 5
 In the letters, Davis states he has been unable to reach his attorney and "will be in the process of changing council." (C.R. 194). Davis also states he is aware of Fed.R.App.P. 4(b)'s 10-day limit and asks for an extension of that deadline. The district court took no action on Davis' request.
 
 
 6
 In a criminal case, failure to file a notice of appeal within Rule 4(b)'s 10-day period is not necessarily fatal. United States v. Mortensen, 860 F.2d 948, 949 (9th Cir.1988), cert. denied, 490 U.S. 1036 (1989). A district court may extend the time for filing a notice of appeal for up to 30 days "upon a showing of excusable neglect." Fed.R.App.P. 4(b). A notice of appeal filed by an incarcerated prisoner, after the time for filing a notice of appeal has run, is timely if the appellant "did all he could do under the circumstances" to file his appeal within ten days. See Fallen v. United States, 378 U.S. 139, 144 (1964); United States v. Houser, 804 F.2d 565 (9th Cir.1986). When a prisoner merely deposits a notice of appeal in a prison mailbox, no special protection is afforded him. Miller v. Sumner, 921 F.2d 202, 203-04 (9th Cir.1990). If, however, the prisoner delivers the notice of appeal to prison authorities to forward to the court clerk, the notice is deemed filed at the time of delivery. Houston v. Lack, 487 U.S. 266, 275-76 (1988).
 
 
 7
 Fed.R.App.P. 3(c) governs the content of a notice of appeal. It provides that an appeal shall not be dismissed for informality of form or title. "[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." United States v. Clay, 925 F.2d 299, 301 (9th Cir.1991) (quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988)).
 
 
 8
 We remand to the district court for it to determine (1) whether there was excusable neglect in Josephson's failure to file a timely notice of appeal; (2) if not, whether Davis' letter constitutes a motion for an extension of time which the district court may now rule upon; or, alternatively, (3) whether Davis' letters to the court may be considered a notice of appeal. If the answer to (3) is yes, the district court must determine (a) whether the letters were given to prison authorities within the 10-day period, and, if not, (b) given that the letter was filed later than 10 days but earlier than 30 days after the judgment, there is jurisdiction pursuant to Mortensen, 850 F.2d at 949.
 
 II. Carmichael
 
 9
 Carmichael argues that the trial court erred in admitting testimony regarding his prior drug use. See Fed.R.Evid. 403, 404(b), and 608(b). We review for abuse of discretion a trial court's decision on the admissibility of evidence under Fed.R.Evid. 404(b), United States v. Brown, 880 F.2d 1012, 1014 (9th Cir.1989), and Fed.R.Evid. 608(b), United States v. Dickens, 775 F.2d 1056, 1058 (9th Cir.1985). The issue of whether evidence comes within the scope of Rule 404(b) is reviewed de novo. United States v. Hill, 953 F.2d 452, 455 (9th Cir.1991).
 
 
 10
 Carmichael testified on direct examination that he overheard his co-conspirators talking about making "go." When asked "[w]hat is go?," Carmichael responded: "At that point, I wasn't--I wasn't sure. I understand now that go is methamphetamine."
 
 
 11
 On cross-examination, Carmichael testified that he learned the meaning of the term "go" after his arrest and that any prior familiarity with drug terminology came from "[w]hat [he] hear[d] on TV." The government then asked whether Carmichael's girlfriend, Diane Hogback, used drugs. Carmichael responded that, to his knowledge, she did not.
 
 
 12
 In rebuttal, the Government called Michelle Armstrong, one of Carmichael's co-conspirators. Armstrong testified she overheard a conversation between Carmichael and Robert Shelton, another co-conspirator, during which Carmichael stated that, since moving to Alaska, he and Hogback had been "dry off of cocaine."
 
 
 13
 The receipt of Armstrong's rebuttal testimony did not violate Fed.R.Evid. 403, 404(b), or 608(b). While counsel spent considerable time in their briefs on the standards applicable to Fed.R.Evid. 404(b) and 608(b), as the district court noted, Armstrong's testimony does not come within the ambit of either rule because it was evidence of a prior inconsistent statement. Thus, as the court observed, Rule 404(b) was inapplicable because the evidence was not about other specific acts. See Fed.R.Evid. 404(b). Neither was Rule 608(b) applicable, because the evidence did not concern specific instances of conduct. See Fed.R.Evid. 608(b).
 
 
 14
 The district did not abuse its discretion in admitting this testimony. It was highly probative of Carmichael's credibility, which was a central issue of the case. The testimony also served to rebut Carmichael's statement that he was naive about drugs. In allowing the evidence to be admitted, the district court permitted the government to demonstrate Carmichael's knowledge of the drug world.
 
 CONCLUSION
 
 15
 In No. 91-304030 (Davis), we REMAND for findings as to the timeliness of Davis' appeal. This panel shall retain jurisdiction of Davis' appeal. In No. 91-30351 (Carmichael), we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3