25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmie Dean STOHLER, Petitioner-Appellant,
v.
Steve HARGETT, Warden; and Susan B. Loving, Attorney
General, Respondents-Appellees.
 No. 92-5227.
 United States Court of Appeals, Tenth Circuit.
 May 25, 1994.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This case has been before us upon appellees' challenge of our jurisdiction on the ground the appellant's notice of appeal was not timely filed. Because the record was unclear, we partially remanded the case to the district court for a forthwith finding of whether the notice of appeal was placed by appellant in the regular mail or the prison legal mail system. The district court's findings are now before us.
 
 
 2
 Following a hearing, the district court determined the late filed notice of appeal was not placed in the prison mail, but was mailed "from the street." We conclude, therefore, the appellant is not entitled to the limitation extended in Houston v. Lack, 487 U.S. 266, 275-76 (1988); consequently, the notice of appeal is not timely. The appeal is therefore DISMISSED.
 
 ORDER AND JUDGMENT[2]
 
 3
 Appellees challenge this court's jurisdiction on the ground the appellant's notice of appeal was not timely filed. Because the certificate of service on the notice indicates it was mailed within the requisite time, and because of claimed confusion within the clerk's office of the district court, appellant contends the notice was timely. It is, however, clear from the record the notice was not received until November 3, 1992, well beyond the jurisdictional date.
 
 
 4
 A pro se prisoner's notice of appeal is timely if posted in the prison legal mail system within the applicable time limit, Houston v. Lack, 487 U.S. 266, 275-76 (1988), but we have declined to extend the Houston rule to deposits in the regular mail. United States v. Leonard, 937 F.2d 494, 495 (10th Cir.1991). Because the filing of the notice of appeal is jurisdictional, we cannot waive the issue of timeliness. Yet, without a determination of how mailing was accomplished in this case, we cannot rule on the jurisdictional objection.
 
 
 5
 This matter is therefore PARTIALLY REMANDED to the district court for a forthwith finding of whether the notice of appeal was placed by appellant in the regular mail or the prison legal mail system.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3