**Terry OLIVER, Plaintiff, Appellant,**

v.

**COMMISSIONER OF THE MASS. DEPARTMENT OF CORRECTIONS, et al., Defendants, Appellees.**

**No. 94–1063.**

United States Court of Appeals, First Circuit.

Submitted June 21, 1994.

Decided Aug. 2, 1994.

---

Terry Oliver on brief pro se.

Nancy Ankers White, Sp. Asst. Atty. Gen., and David J. Rentsch, Counsel, Dept. of Correction, on brief, for appellees.

Before SELYA, CYR and BOUDIN, Circuit Judges.

## PER CURIAM.

*Pro se* plaintiff-appellant Terry Oliver, a federal prisoner in the custody of the Massachusetts Department of Corrections [DOC], brought a civil rights action, pursuant to 42 U.S.C. § 1983, against the Commissioner and other officials of the DOC in 1989. The district court granted the defendants' motion for summary judgment on May 23, 1991, and entered judgment on May 30. On June 21,

Oliver filed a "Motion to Vacate, and to Make Additional Findings of Fact, and For Reconsideration of Plaintiffs' Motion for Partial Summary Judgment." [1] This motion was denied on September 10, 1992. On October 19, 1992, Oliver filed a "Motion to File Late Appeal and Notice of Appeal." On February 25, 1993, this court dismissed the appeal for having been untimely filed pursuant to Fed. R.App.P. 4(a)(1). After rehearing, this court granted Oliver the opportunity to present evidence in the lower court as to whether he delivered a timely notice of appeal to prison officials for mailing.

Oliver's subsequent "Motion to File Notice of Appeal Nunc Pro Tunc, And Notice of Appeal" was denied by the district court on December 17, 1993. The court found that, apart from Oliver's own statement, "nothing in the record supports plaintiff's assertion that he had in fact instituted the mailing procedures with respect to the Notice of Appeal." Oliver appeals this denial.

## I

According to Oliver's affidavit, on June 18, 1991, while confined in administrative detention at the United States Penitentiary at Lewisburg, Pennsylvania, he left a notice of appeal in an envelope in the door of his cell for prison officials to mail "via regular first-class mail." Oliver concedes that he made no attempt to use the prison mail log system for legal mail. According to Oliver, the envelope was mistakenly addressed to the Clerk of the United States Court of Appeals for the First Circuit. This court has no record of having received this notice of appeal and Oliver has not produced a copy of the document.

Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 147 F.R.D. 589, 601 (J.P.M.L.1993) (emphasis added).

1. If this motion had been served within ten days after entry of judgment, *see* Fed.R.Civ.P. 59(e), it would have tolled the time for filing the notice of appeal. *Feinstein v. Moses,* 951 F.2d 16, 18 (1st Cir.1991). Oliver contends that this motion should be considered timely because he only received a copy of the court's decision from prison officials on June 10. He asserts that any delay in transmitting the final judgment to him should be excluded from the time for filing the motion to amend. *See United States v. Grana,* 864 F.2d 312, 316 (3d Cir.1989) (time for filing

59(e) motion tolled when prison delay interferes with prisoner's receipt of final judgment); *but see Feinstein,* 951 F.2d at 19 (time for filing Rule 59 motion can only be tolled when appellant reasonably relied on assurance of district court that motion was timely). We need not resolve this issue here. The "timeliness of a Rule 59 motion to amend judgment is determined by the date it is served, not the date it is filed." *Perez–Perez v. Popular Leasing Rental, Inc.,* 993 F.2d 281, 283 (1st Cir.1993). In this case, defendants claim, and Oliver has not contested, that they were not served until November 12, 1991, well after even the time limit for filing suggested by Oliver.

## II

■ Ordinarily, a notice of appeal in a civil case to which the federal sovereign is not a party is timely filed if it is received by the district court within thirty days after the entry of judgment, Fed.R.App.P. 4(a)(1), or thirty days thereafter if the time period is extended by the district court for "excusable neglect or good cause," Fed.R.App.P. 4(a)(5). *See Kaercher v. Trustees of Health & Hospitals, Inc.*, 834 F.2d 31, 33 (1st Cir.1987). However, in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court created an exception to this rule. Under Fed.R.App.P. 4(c), therefore, an inmate's notice of appeal "is timely filed if it is deposited in the institution's internal mailing system on or before the last day for filing," rather than when the notice of appeal is received by the clerk of the court. The Supreme Court relied in part on the fact that a *"pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Id.* at 271, 108 S.Ct. at 2382. The Court further reasoned that, because prison authorities "have well-developed procedures for recording the date and time at which they receive papers for mailing, ... making filing turn of the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.* at 275, 108 S.Ct. at 2384–85.

■ Oliver concedes that he was aware that only mail sent via certified, registered, insured, COD, or express mail was officially recorded by the prison staff. He nevertheless chose to send his notice of appeal via regular first class mail. By failing to take advantage of the prison mail log system, Oliver undermined the "bright-line rule" rationale on which the Supreme Court in *Houston* relied and made it more difficult for this court to "avoid uncertainty and chicanery," *Miller v. Sumner*, 921 F.2d 202, 203–04 (9th Cir.1990). Other courts have held that a *pro se* prisoner who fails to avail himself of the

prison log system forgoes the advantage of the special filing rule. *Id.* at 203; *United States v. Leonard*, 937 F.2d 494, 495 (10th Cir.1991).

We need not go so far.[2] Even if we assume that Oliver must only show that he submitted the notice of appeal to prison authorities before the filing deadline, whether he did so is a factual finding for the district court. *See Hostler v. Groves*, 912 F.2d 1158, 1162 (9th Cir.1990), *cert. denied*, 498 U.S. 1120, 111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991). In this case, the only evidence that Oliver has offered is his unsupported affidavit. On the other hand, he has not produced a copy of the purported notice of appeal and made no reference to having previously filed a notice of appeal when, in October 1992, he moved in this court to file a "late appeal." In these circumstances, we cannot say that the district court committed clear error in finding that Oliver did not submit a timely notice of appeal. *See Lenn v. Portland Sch. Comm.*, 998 F.2d 1083, 1087 (1st Cir.1993) (district court findings of fact reviewed for clear error).

The district court order denying Oliver's motion to file his notice of appeal nunc pro tunc is *affirmed*. The appeal from the district court order granting summary judgment to defendants is *dismissed* for lack of jurisdiction. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978) (filing of timely notice of appeal is jurisdictional requirement); *Gochis v. Allstate Ins. Co.*, 16 F.3d 12, 15 (1st Cir.1994) (same).

---

**2.** Unlike the appellants in *Miller*, 921 F.2d 202, and *Leonard*, 937 F.2d 494, each of whom posted the notices themselves in the regular prison mail,

Oliver allegedly submitted his letter to prison officials for mailing.