USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1063 TERRY OLIVER, Plaintiff, Appellant, v. COMMISSIONER OF THE MASS. DEPARTMENT OF CORRECTIONS, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ___________________ Terry Oliver on brief pro se. ____________ Nancy Ankers White, Special Assistant Attorney General, and __________________ David J. Rentsch, Counsel, Department of Correction, on brief for ________________ appellees. __________________ August 2, 1994 __________________ Per Curiam. Pro se plaintiff-appellant Terry Oliver, a __________ ___ __ federal prisoner in the custody of the Massachusetts Department of Corrections [DOC], brought a civil rights action, pursuant to 42 U.S.C. 1983, against the Commissioner and other officials of the DOC in 1989. The district court granted the defendants' motion for summary judgment on May 23, 1991, and entered judgment on May 30. On June 21, Oliver filed a "Motion to Vacate, and to Make Additional Findings of Fact, and For Reconsideration of Plaintiffs' Motion for Partial Summary Judgment."1 This motion was denied on September 10, 1992. On October 19, 1992, Oliver filed a "Motion to File Late Appeal and Notice of Appeal." On February 25, 1993, this court dismissed the ____________________ 1. If this motion had been served within ten days after entry of judgment, see Fed. R. Civ. P. 59(e), it would have ___ tolled the time for filing the notice of appeal. Feinstein _________ v. Moses, 951 F.2d 16, 18 (1st Cir. 1991). Oliver contends _____ that this motion should be considered timely because he only received a copy of the court's decision from prison officials on June 10. He asserts that any delay in transmitting the final judgment to him should be excluded from the time for filing the motion to amend. See United States v. Grana, 864 ___ _____________ _____ F.2d 312, 316 (3d Cir. 1989) (time for filing 59(e) motion tolled when prison delay interferes with prisoner's receipt of final judgment); but see Feinstein, 951 F.2d at 19 (time ___ ___ _________ for filing Rule 59 motion can only be tolled when appellant reasonably relied on assurance of district court that motion was timely). We need not resolve this issue here. The "timeliness of a Rule 59 motion to amend judgment is determined by the date it is served, not the date it is filed." Perez-Perez v. Popular Leasing Rental, Inc., 993 ___________ _____________________________ F.2d 281, 283 (1st Cir. 1993). In this case, defendants claim, and Oliver has not contested, that they were not served until November 12, 1991, well after even the time limit for filing suggested by Oliver. -2- appeal for having been untimely filed pursuant to Fed. R. App. P. 4(a)(1). After rehearing, this court granted Oliver the opportunity to present evidence in the lower court as to whether he delivered a timely notice of appeal to prison officials for mailing. Oliver's subsequent "Motion to File Notice of Appeal Nunc Pro Tunc, And Notice of Appeal" was denied by the district court on December 17, 1993. The court found that, apart from Oliver's own statement, "nothing in the record supports plaintiff's assertion that he had in fact instituted the mailing procedures with respect to the Notice of Appeal." Oliver appeals this denial. I According to Oliver's affidavit, on June 18, 1991, while confined in administrative detention at the United States Penitentiary at Lewisburg, Pennsylvania, he left a notice of appeal in an envelope in the door of his cell for prison officials to mail "via regular first-class mail." Oliver concedes that he made no attempt to use the prison mail log system for legal mail. According to Oliver, the envelope was mistakenly addressed to the Clerk of the United States Court of Appeals for the First Circuit. This court has no record of having received this notice of appeal and Oliver has not produced a copy of the document. II -3- Ordinarily, a notice of appeal in a civil case to which the federal sovereign is not a Party is timely filed if it is received by the district court within thirty days after the entry of judgment, Fed. R. App. P. 4(a)(1), or thirty days thereafter if the time period is extended by the district court for "excusable neglect or good cause," Fed. R. App. P. 4(a)(5). See Kaercher v. Trustees of Health & Hospitals, ___ ________ _________________________________ Inc., 834 F.2d 31, 33 (1st Cir. 1987). However, in Houston ___ _______ v. Lack, 487 U.S. 266 (1988), the Supreme Court created an ____ exception to this rule. Under Fed. R. App. P. 4(c), therefore, an inmate's notice of appeal "is timely filed if it is deposited in the institution's internal mailing system on or before the last day for filing," rather than when the notice of appeal is received by the clerk of the court. The Supreme Court relied in part on the fact that a "pro se ___ __ prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." Id. __ at 271. The Court further reasoned that, because prison authorities "have well-developed procedures for recording the date and time at which they receive papers for mailing, . . . making filing turn of the date the pro se prisoner delivers ___ __ the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." Id. at 275. __ -4- Oliver concedes that he was aware that only mail sent via certified, registered, insured, COD, or express mail was officially recorded by the prison staff. He nevertheless chose to send his notice of appeal via regular first class mail. By failing to take advantage of the prison mail log system, Oliver undermined the "bright-line rule" rationale on which the Supreme Court in Houston relied and made it more _______ difficult for this court to "avoid uncertainty and chicanery," Miller v. Sumner, 921 F.2d 202, 203-04 (9th Cir. ______ ______ 1990). Other courts have held that a pro se prisoner who ___ __ fails to avail himself of the prison log system forgoes the advantage of the special filing rule. Id. at 203; United __ ______ States v. Leonard, 937 F.2d 494, 495 (10th Cir. 1991). ______ _______ We need not go so far.2 Even if we assume that Oliver must only show that he submitted the notice of appeal to prison authorities before the filing deadline, whether he did so is a factual finding for the district court. See Hostler ___ _______ v. Groves, 912 F.2d 1158, 1162 (9th Cir. 1990), cert. denied, ______ ____ ______ 498 U.S. 1120 (1991). In this case, the only evidence that Oliver has offered is his unsupported affidavit. On the other hand, he has not produced a copy of the purported notice of appeal and made no reference to having previously ____________________ 2. Unlike the appellants in Miller, 921 F.2d 202, and ______ Leonard, 937 F.2d 494, each of whom posted the notices _______ themselves in the regular prison mail, Oliver allegedly submitted his letter to prison officials for mailing. -5- filed a notice of appeal when, in October 1992, he moved in this court to file a "late appeal." In these circumstances, we cannot say that the district court committed clear error in finding that Oliver did not submit a timely notice of appeal. See Lenn v. Portland Sch. Comm., 998 F.2d 1083, 1087 ___ ____ __________________ (1st Cir. 1993) (district court findings of fact reviewed for clear error). The district court order denying Oliver's motion to file his notice of appeal nunc pro tunc is affirmed. The appeal ________ from the district court order granting summary judgment to defendants is dismissed for lack of jurisdiction. See _________ ___ Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 _______ _______________________________ (1978) (filing of timely notice of appeal is jurisdictional requirement); Gochis v. Allstate Ins. Co., 16 F.3d 12, 15 ______ _________________ (1st Cir. 1994) (same). -6-