37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Stanley Ezell SINGLETON, Plaintiff-Appellant,
v.
CHEESEBROUGH, Badge # 3282 being sued as individual and as
San Diego Police Officer; Kendrick, Badge # 3212
sued as individual and as a San Diego
Police Officer, Defendants-Appellees.
 No. 93-55333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Ezell Singleton, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action in which he alleged that the defendant police officers had violated his fourth and fourteenth amendment rights by detaining him and searching him without reasonable suspicion or probable cause.
 
 
 3
 The appellees contend that Singleton's notice of appeal is untimely pursuant to Fed.R.App.P. 4(a)(1) and that this appeal should be dismissed.
 
 
 4
 Generally, an appeal in a civil case must be filed "within 30 days after the entry of the judgment or order appealed from." See Fed.R.App.P. 4(a)(1). "A timely notice of appeal is jurisdictional." McCalden v. California Library Ass'n., 955 F.2d 1214, 1217 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992).
 
 
 5
 Here, the district court's judgment was entered on January 19, 1993 and Singleton's appeal was apparently not filed until February 22, 1993, 33 days later.[1]
 
 
 6
 Under Houston v. Lack, 487 U.S. 266 (1988), however, a pro se prisoner's "notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk." Caldwell v. Amend, Nos. 92-35485 & 93-35974, slip op. at 8390 (9th Cir. July 27, 1994) (citing Houston ). In Miller v. Sumner, we held that a prisoner who deposits his notice of appeal into a public mailbox within the prison may not rely on the Houston rule. See 921 F.2d 202, 203 (9th Cir.1990). More recently, we have held that the placement of a notice of appeal into the "prison's legal mailbox" by a pro se prisoner will trigger the Houston rule. See Caldwell, Nos. 92-35485 & 93-35974, slip op. at 8390-93.
 
 
 7
 Here, it is unclear whether Singleton delivered the notice of appeal to prison officials or whether he placed it in a "legal" or "regular" mailbox. Accordingly, we remand the case to the district court to determine whether the notice of appeal was delivered to prison officials prior to the expiration of the time for appeal. See Vaughn v. Ricketts, 950 F.2d 1464, 1467 (9th Cir.1991) ("[w]here the court had no record of when the appellant delivered the notice to prison authorities the proper course was to remand to the district court for a determination of whether the notice of appeal was delivered to prison authorities on time" (quotations omitted)).
 
 
 8
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In reviewing the district court record, we note that the notice of appeal is stamped as received on March 16, 1993, after the notice of appeal was purportedly filed. Likewise the envelope attached to the notice bears a postmark of March 11, 1993, again a date that is later than the filing date