Cote v. Chase                               CV-90-152-M    01/26/96 P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Alfred Cote,
        Plaintiff,

        v.                                        Civil No. 90-152-M

Gail Chase,
        Defendant.


O R D E R


**Introduction**

Having reviewed the court's record in this case, and having reconsidered plaintiff's motion for leave to file late appeal (document no. 111) in light of the affidavits filed by plaintiff and Assistant Attorneys General Stephen J. Judge and Wynn E. Arnold, as well as the pleadings filed, the court finds and rules as follows.

By order dated May 9, 1994, the court granted summary judgment in favor of the remaining defendant, Gail Chase.  A copy of that order was mailed on May 13, 1994, to plaintiff at the address provided by him.  The court then entered judgment against plaintiff and in favor of defendants Rockingham County, Brian Graf, and Gail Chase on May 16, 1994.  A copy of that judgment

was mailed to plaintiff on May 16, 1994, again, at the address he provided to the court.[1]

Plaintiff nevertheless swears under oath that he did not receive _either_ a copy of the order on defendant Chase's motion for summary judgment, _or_ a copy of the subsequent judgment. See Affidavit of Alfred Cote (document no. 118). Plaintiff attributes this alleged failure to receive either document to "some act or error of the clerk or postal service" and, as a result, says he was precluded from filing a timely appeal. See Motion for Leave to File Late Appeal (document no. 111). Neither the order on defendant Chase's motion for summary judgment, nor the copy of the judgment was returned to the court as undelivered or undeliverable. (The court does not normally send notices, orders, judgments, or other papers by certified mail, due to the substantial cost of such a practice.)

---

[1] The deputy clerk's initials ("jab" for Judy A. Barrett) and a check mark evidence that the court's May 9th order and the judgment thereon were sent to plaintiff and others named after "cc:" on the dates specified, in accordance with the clerk's regular business practices.

The plaintiff has been party to some ten cases in this court (docket nos. C-87-378-L; C-89-526-S; C-90-150-M; C-90-151-D; C-92-157-JD; C-92-381-M; C-92-642; C-93-35-M; C-93-348-L; and C-95-31-JD) and in all but the earliest of those cases (C-87-378-L) he has given his address as P.O. Box 324, Nauvoo, IL 62354.

2

Thus, the record is in the following posture: plaintiff apparently received other papers sent to him at the address he gave, but swears he did not receive either a copy of the court's order granting summary judgment in favor of defendant Chase, or a copy of the subsequently entered judgment in this case. He thereby raises a threshold question of fact that may or may not have to be resolved. If it must be resolved, a full evidentiary hearing will be required, because plaintiff's sworn statement denying receipt of the judgment when first mailed to him is itself sufficient to negate the usual presumption of receipt arising from the document's having been placed in the regular mail, properly addressed. See e.g., Nunley v. City of Los Angeles, 52 F.3d 792, 793 (9th Cir. 1995) (specific factual denial of receipt of notice rebuts the presumption of receipt, which is to be given no further weight).

Putting that initial factual issue aside for the moment, however, and accepting for the sake of argument that plaintiff did not receive a copy of the judgment shortly after it was entered, different issues present themselves.

**Background**

3

In August of 1994, plaintiff filed a motion for leave to file late appeal based on his failure to receive notice of the entry of judgment in this case. That motion was denied by this court on August 29, 1994, on grounds that the court's file indicated that a copy of the judgment was properly mailed to plaintiff on the date shown. Plaintiff appealed that ruling to the Court of Appeals for the First Circuit, which initially dismissed his appeal, but later reversed itself, vacated that dismissal, reinstated the appeal, and remanded the case to this court for a determination as to whether plaintiff should be afforded relief under Fed. R. App. P. 4(a)(6) (in the form of an extended period of time in which to file an appeal). The Court of Appeals also directed plaintiff to "state in more detail [on remand] when and how he learned of the entry of the May 16, 1994, judgment and the date, if any, he received `notice from the clerk or any party.'" (emphasis added).

Plaintiff filed an affidavit in an effort to "state in more detail" when he received a copy of the judgment from the clerk. But his affidavit is not adequate to establish plaintiff's eligibility for, much less his entitlement to relief under Fed. R. App. P. 4(a)(6).

4

Defendants responded to plaintiff's affidavit through their respective counsel, taking issue with plaintiff's claims and advancing sworn assertions of their own.  Unfortunately, defendants' assertions, like those of plaintiff, are not precisely on point nor are they dispositive.  Accordingly, the court has invested considerable time in analyzing the affidavits and documents on file in an effort to determine whether the matter can properly be resolved on the current record.  Having done so, the court finds that even construing the undisputed facts in the most favorable light possible in support of plaintiff's position, his motion must be denied as a matter of law.

**Discussion**

An analysis of whether plaintiff is entitled to the relief he seeks begins with Fed. R. App. P. 4(a)(6), which provides as follows:

> The district court, if it finds (a) that a
> party entitled to notice of the entry of
> judgment or order did not receive such notice
> from the clerk or any party within 21 days of
> its entry and (b) that no party would be
> prejudiced, may, upon motion filed within 180
> days of the entry of the judgment or order or
> within 7 days of receipt of such notice,
> whichever is earlier, reopen the time for

5

> appeal for a period of 14 days from the date
> of entry of the order reopening the time for
> appeal.

In his affidavit, plaintiff claims that he never received a copy of the judgment originally mailed to him on May 16, 1994 (and thus not within 21 days of its entry). He says he "had no knowledge of final judgment until I read about it in a decision of the [F]irst [C]ircuit [in] Cote v. Vetter, in which I do not know the date." He goes on to state, "I read the 1st circuit decision [in Cote v. Vetter] on a Thursday night and called the clerk of the district court on Friday and she mailed them [the order and judgment] to me, and I received them the following Wed[ne]sday." Plaintiff's Affidavit, ¶4 (emphasis added) (As discussed more fully below, plaintiff's sworn statement that he received a copy of the judgment on a Wednesday is a critical point relative to establishing the date on which he received written notice that judgment had been entered). Finally, plaintiff says, "I filed my motion [to extend time to file a late appeal] (mailed it) on about the 10th day after receiving the copy of the judgment. I do not know what the exact dates were but this is the best I remember." Plaintiff's Affidavit, ¶6.

In their response, defendants focus on plaintiff's statement that he mailed his motion for late appeal "on about the 10th day

6

after receiving the copy of the judgment," and argue that since he admittedly did not file his motion within the seven day period allowed by Rule 4(a)(6) his motion was untimely and must be denied. See Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994). They also generally contest plaintiff's credibility as to whether he received a copy of the judgment initially, i.e. within 21 days of its entry. Defendant Graf seems to argue (without citation to any authority) that the phrases "notice from the clerk" and "such notice" as used in Rule 4(a)(6) refer to oral as well as written notice, and suggests that Cote's Thursday reading of the First Circuit's opinion in Vetter referencing the entry of judgment in this case, and the Friday telephone call to the clerk of this court, both qualified as notice under Rule 4(a)(6). Receipt of written notice, however, appears to be required. Avolio v. County of Suffolk, 29 F.3d 50, 53 (2d Cir. 1994).

Nevertheless, starting with plaintiff's own assertions, he unquestionably received written notice of the entry of judgment prior to August 10, 1994, because his motion for leave to file late appeal is dated August 10, 1994,[2] and he unequivocally states that he mailed the motion "about the 10th day after

_____

[2] The notary's attestation on plaintiff's affidavit attached to the motion is dated the next day, August 11, 1994.

7

receiving" written notice from the clerk. The envelope in which the motion was mailed to this court is postmarked August 12, 1994. The clerk received the motion (as evidenced by date stamp) on Tuesday, August 16, 1994, which would seem consistent with an August 12 mailing (i.e., four elapsed days).

Plaintiff is also unequivocal in stating that he received a copy of the judgment on a "Wednesday" (Plaintiff's Affidavit, ¶ 4), following a call to "the clerk of the district court on [the previous] Friday."[3] Id.

---

[3] One clue from which the actual date of receipt - the "Wednesday" - might be determined is plaintiff's statement that he first learned about the judgment when he read the decision of the Court of Appeals in another of his cases, Cote v. Vetter, 30 F.3d 126 (1st Cir. 1994) (unpublished), which referenced the judgment in this case. Plaintiff says he read that opinion on a "Thursday."

The First Circuit issued its opinion in Cote v. Vetter on Thursday, July 7, 1994 (Westlaw carries the date as July 8, 1994, a discrepancy that may be explained by the Circuit's subsequent issuance of an errata sheet). This court's docket in Cote v. Vetter reveals that the appellate opinion was received here on July 11, 1994 (a Monday), and was docketed on July 12, 1994, all of which is consistent with an inference that the Court of Appeals mailed the opinion on or about July 7, its date of issue. The Court of Appeals presumably mails copies of its opinions to the lower courts and affected parties simultaneously, as a regular business practice. In any event, plaintiff could not have read the opinion prior to its date of issue and, given his affidavit, did not read it for the first time on Thursday August 11 (the date his affidavit supporting his motion for late filing was notarized).

Plaintiff's motion was timely under Fed. R. App. P. 4(a)(6) only if the Wednesday on which he received written notice of the judgment was August 10, 1994. Plaintiff had seven days from receipt of written notice to file his motion. Counting seven days from August 10 results in a filing deadline of August 17,[4] and the motion was filed on August 16.

However, he could not have received the written notice on August 10, because that was the date on which he signed his motion for leave to file a late appeal, and he emphatically states that "after repeated calls to [attorney] Judge [seeking his concurrence to my motion] for about 8 days, I filed my motion (mailed it) on about the 10th day after receiving the copy of the judgment." Plaintiff's Affidavit, ¶6 (emphasis added). As noted above, plaintiff's motion was postmarked August 12, 1994, only two days after Wednesday, August 10, 1994. Accordingly, based upon plaintiff's sworn affidavit, he did not receive the copy of the judgment on Wednesday, August 10, 1994. The next latest

---

[4] Fed. R. App. P. 26(a) provides: "When the period of time prescribed or allowed [by these rules or by any applicable statute] is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." (emphasis added) Compare Fed. R. Civ. P. 6(a) which provides that when the period of time prescribed or allowed is "less than 11 days" intermediate weekends and holidays shall be excluded in the computation.

9

Wednesday on which plaintiff could have possibly received written notice of the judgment was August 3, 1994, which necessarily means his motion was untimely, since seven days later, on August 10, 1994, the filing deadline would have expired and the motion was not filed until August 16.

Therefore, taking plaintiff's affidavit as true, he necessarily received written notice of the judgment from the clerk, at the latest, on Wednesday, August 3, 1994, or "about 10 days" before he mailed his motion for leave to file a late appeal on August 12, 1994. His motion under Fed. R. App. P. 4(a)(6) was therefore untimely when filed on August 16, 1994.

Plaintiff does not claim to have been confined in a penal institution when he mailed his motion. Accordingly, he is not entitled to the benefit of the so-called "prisoner mail rule."[5] His motion was <u>filed</u> when the clerk received it on August 16, thirteen days after the latest possible date on which he could have (consistently with his affidavit) received written notice of the judgment. <u>See e.g.</u> <u>McIntosh v. Antonino</u>, 71 F.3d 29, 35 (1st

_____

[5] Fed. R. App. P. 4(c) provides that a notice of appeal is timely filed by a prisoner if deposited in the institution's internal mail system on or before the last day for filing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 275, 108 S.Ct. 2379, 2384, 101 L.Ed.2d 245 (1988); <u>Oliver v. Commissioner</u>, 30 F.3d 270, 272 (1st Cir. 1994); <u>Reid v. State of N.H.</u>, 56 F.3d 332, 340 n.16 (1st Cir. 1995).

10

Cir. 1995) ("filing" a pleading or document with a district court "means delivery into the actual custody of the proper officer") (quoting Casalduc v. Diaz, 117 F.2d 915, 916 (1st Cir.) cert. denied, 314 U.S. 639 (1941)); see also Fed. R. Civ. P. 77(a).

The foregoing analysis ends the matter, since failure to file a timely motion under Fed. R. App. P. 4(a)(6) or 28 U.S.C. 2107(c) is jurisdictional, even as applied to pro se litigants. Martinez v. Hoke, 38 F.3d 655, 656 (2nd Cir. 1994) ("[E]ven where a party did not receive notice of entry of the judgment within 21 days of entry, the district court lacks jurisdiction under Rule 4(a)(6) to reopen the time for appeal if the motion for such a reopening is made more than seven days after the movant received notice of entry [of the judgment]."); Marcangelo v. Boardwalk Regency, 47 F.3d 88, 91 (3rd Cir. 1995) ("The time limits provided by Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 are mandatory and jurisdictional, and the courts are required to dismiss untimely appeals sua sponte." (citations omitted)).

Therefore, plaintiff's motion for leave to file late appeal (document no. 111), having been fully reconsidered, is hereby again denied as untimely, for the reasons discussed herein. Judgment shall be entered accordingly.

11

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

January 26, 1996

cc:  Alfred F. Cote
     Stephen J. Judge, Esq.
     Carleton Eldredge, Esq.