145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael TORRES, Petitioner-Appellant,
v.
Steve CAMBRA; Attorney General of the State of California,
Respondents-Appellees.
 No. 97-56045.
D.C. No. CV-96-00076-R(JG).
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1998.**
Decided May 28, 1998.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, Chief Judge, Presiding.
 MEMORANDUM*
 Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 Introduction
 
 1
 Petitioner-Appellant Michael Torres ("Torres") appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition.[1] Torres contends that the district court erred in dismissing his petition for failure to file it within the time prescribed by the court.
 
 
 2
 We VACATE and REMAND.
 
 Analysis
 
 3
 The district court gave Torres through March 21, 1997 to file a second amended petition for habeas relief.
 
 
 4
 A pro se prisoner's notice of appeal is deemed "filed" at the time of delivery to prison authorities for forwarding to the court clerk, rather than on the date of receipt by the clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Mailing the petition by depositing it in a regular mailbox is insufficient. Miller v. Sumner, 921 F.2d 202, 203 (9th Cir.1990).
 
 
 5
 Even though his second amended petition was not filed by the district court until March 27, 1997, Torres claims to have deposited the petition in a United States mailbox on March 17, 1997. More importantly, Torres also claims to have delivered the petition to prison official "T. Hill" on March 20, 1997, an allegation which the Appellees do not dispute on appeal.
 
 
 6
 Still, the Appellees argue that these allegations were not presented to the district court at the time of dismissal. In fact, the district court was apparently under the mistaken impression that the second amended petition had still not been filed as of March 31, 1997. Nonetheless, the district court granted Torres a certificate of probable cause on this issue, making appellate review appropriate. See Lynch v. Blodgett, 999 F.2d 401, 403 (9th Cir.1993).
 
 
 7
 In light of Torres' allegations, it is imperative for the district court to make a factual determination of when the petition was filed. "When a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party." Faile v. Upjohn, 988 F.2d 985, 989 (9th Cir.1993).
 
 
 8
 Therefore, we vacate the dismissal below. On remand, the district court must make a factual finding with regard to when the petition was filed. If Torres delivered the petition to prison authorities on March 20, 1997, then it should be deemed timely. But if Torres simply deposited the petition in a regular mailbox on March 17, 1997, then it should be deemed untimely.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Torres filed his habeas petition prior to the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act. Thus, the amendments made by the Act do not apply to this case. See Lindh v. Murphy, --- U.S. ----, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)