**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAN HENRY TIJERINA, SR.,

      Plaintiff-Appellant,

v.

OFFENDER MANAGEMENT
REVIEW COMMITTEE; DAVID
BRADBURY, Captain; PAUL
RASMUSSEN, Captain; VINCENT
JACK, Captain; WILL CARLSON,
Captain; DALE WHITNEY,
Lieutenant; RICK CORSI, Lieutenant;
DAVID RASMUSSEN, Lieutenant;
(FNU) ELLIOTT, Sergeant;
MEREDITH JOHNSON, Case Worker;
LARRY ANDERSON, Case Worker;
GAYLA WHITNEY, Case Worker;
RITA CORSI, Case Worker;
BEVERLY COVERT, Case Worker,

      Defendants-Appellees.

Nos. 03-4054 &
03-4134
(D.C. No. 2:02-CV-1066-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Appellant Dan Henry Tijerina, Sr., a prisoner of the State of Utah appearing pro se, challenges by appeal and by petition for writ of mandamus the dismissal of his civil rights case brought under 42 U.S.C. § 1983. We affirm in part and reverse in part.

Facts and Procedural History

Appellant is a sex offender. He was convicted of attempted forcible sodomy on a male child in 1987 and sentenced to an indeterminate sentence of five years to life imprisonment.

Appellant filed this civil rights suit against the Utah State Prison's Offender Management Review Committee (OMR Committee) and some named and unnamed individuals, challenging, on various grounds, the constitutionality of the prison's Offender Management Review program (OMR program) and seeking injunctive relief to bar its enforcement. He attempted to file a class action on behalf of numerous prisoners in addition to himself, which makes his complaint

hard to read because he does not make clear what factual allegations apply to himself, as opposed to some other prisoner. We hold that Appellant is the only proper party-plaintiff. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000). Because he is pro se, Appellant cannot represent other inmates in this suit.

Appellant asserts that the OMR program was implemented in December 1996 or January 1997 to replace another program of points and rewards. Under the OMR program, a plan is developed for each prisoner, tying the extent of the prisoner's privileges to the accomplishment of goals such as getting a job, going to school, and getting substance-abuse or sex-offender treatment. Privileges are assigned according to a lettered plan. For example, level "J" has fewer privileges than level "K." The OMR program is designated "voluntary," but there is an effect on the inmate's privileges if he refuses to participate.

Because Appellant is a sex offender, his plan calls for him to participate in sex therapy. He refuses to participate, however, because a required part of the therapy is to admit prior bad acts. He states that some of the putative plaintiffs are innocent of the crimes of which they were initially charged, without clarifying whether he maintains his own innocence. But he fears that anything he might say in sex therapy would be used against him in court, or that new charges could be

brought against him. Because of his refusal to participate in therapy, his privilege level was reduced and some of his privileges were lost or curtailed. He asserts that prisoners have been moved to different dorms and, as a result, have lost their jobs; have had visitation, phone privileges, and time out of their cells reduced; may not spend as much money in the commissary as before; and, most importantly for these appeals, no longer have a designated parole date. Again, it is unclear exactly what privileges Appellant himself has lost. He asserts that the OMR Committee sends negative progress notes to the Utah Board of Pardons and Parole, and that prisoners who refuse therapy either cannot get a parole date or lose one that was previously set. Again, Appellant does not make clear whether he has been personally affected by the Committee's negative reporting to the Board of Pardons and Parole. The parole issue could be significant, however, because criminal sentences in Utah are indeterminate. Padilla v. Utah Bd. of Pardons & Parole, 947 P.2d 664, 668-69 (Utah 1997) (citing Utah Code Ann. § 77-18-4 (1995)). Although the judge sentences the prisoner to a range of imprisonment, the Utah Board of Pardons and Parole determines how much time a particular inmate will actually serve. Id. at 669 & n.4 (citing Utah Code Ann. § 77-27-9(1)(a) (Supp. 1996)).

The district court dismissed Appellant's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court dismissed the

complaint sua sponte and without giving Appellant leave to amend, reasoning that Appellant could not cure the defects; and it    denied Appellant's subsequent motion for reconsideration.

In No. 03-4054, Appellant appeals from the district court's order dismissing his civil rights complaint. In addition, Appellant filed a petition for writ of mandamus in No. 03-4054, arguing that the district court had not ruled on his First and Fourteenth Amendment claims, and asking this court to order the district court to do so. In No. 03-4134, Appellant appeals from the district court's denial of his motion for reconsideration and seeks leave to proceed on appeal without prepayment of costs and fees. He has also filed a document marked with both appeal numbers and styled "Motion to Include on Denial of Liberty Interest; Retaliation and Harassment; Denial of Due Process of Law." We have jurisdiction over the appeals under 28 U.S.C. § 1291 and over the mandamus petition under 28 U.S.C. § 1651.

## Appellant's Claims

In his briefs, Appellant fails to delineate clearly the issues for appeal but, instead, engages in a rambling discussion of his complaints about the OMR program and Committee. We have read his briefs and extracted all the issues he appears to be arguing on appeal.

There is not much law on the constitutional ramifications of sex therapy in prison. Under the law that exists, the bulk of Appellant's assertions can be grouped into these four claims: (1) that the withdrawal of ordinary privileges–such as whether he can work, how long he can be out of his cell, how many visits he can have, and how many phone calls he can make–based on his refusal to participate in sex therapy compels him to incriminate himself and violates his rights under the Fifth and Fourteenth Amendments; (2) that the manner in which the OMR Committee withdraws privileges violates his Fourteenth Amendment due-process rights; (3) that conditioning the availability of parole on his participation in sex therapy, which includes the possibility of new charges being brought against him based on admissions he might make, amounts to unconstitutional compulsion in violation of the Fifth and Fourteenth Amendments; and (4) that applying the OMR program to him violates the Ex Post Facto Clause because he was convicted before the program was initiated. Appellant's other arguments are (5) that the district court did not decide his First and Fourteenth Amendment claims; and (6) that the district court erred in dismissing as frivolous his argument that the Utah State Prison is forcing inmates into therapy because the prison receives funds for treating prisoners.

## Legal Analysis

This court reviews the district court's dismissal de novo. See Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). Because Appellant is proceeding pro se, this court must construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). But "in analyzing the sufficiency of the [pro se] plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "A sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. Okla., 925 F.2d 363, 365 (10th Cir. 1991) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

## Affirmable Issues

It is clear that Appellant's first argument has already been decided against him in McKune v. Lile, 536 U.S. 24 (2002). In McKune the Supreme Court examined a sex-therapy program used by the State of Kansas, which required prisoners to accept responsibility for past offenses without use immunity. Id.

at 33-35. The plurality opinion in McKune borrowed the test from Sandin v. Conner, 515 U.S. 472 (1995), a Fourteenth Amendment due-process case, and applied that test to the Fifth Amendment compelled-speech issue arising from prison sex-therapy groups. McKune, 536 U.S. at 37. As the district court noted, the plurality determined that "[a] prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self-incrimination if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life." Id. at 37-38; R., No. 03-4054, doc. 3, at 5. Because the plurality opinion was joined by only four justices, however, the quoted language is not a holding.

When the Supreme Court issues a fragmented opinion such as McKune, the holding of the case is "the 'position taken by those Members who concurred in the judgments on the narrowest grounds.'" Lile v. McKune, 299 F.3d 1229, 1230 (10th Cir. 2002) (on remand) (quoting Marks v. United States, 430 U.S. 188, 193 (1977)). Justice O'Connor, concurring in the McKune judgment, did not agree that Sandin's "atypical and significant hardship" standard should apply to a Fifth Amendment compulsion claim. McKune, 536 U.S. at 48 (O'Connor, J. concurring). She agreed, however, that the withdrawal of the kind of privileges at

issue did not implicate the Fifth Amendment privilege against self-incrimination under any reasonable test. Id. at 54. Thus, McKune's holding is that the withdrawal of ordinary privileges based on a prisoner's refusal to participate in sex therapy and admit bad acts without immunity does not "'constitute compulsion for the purposes of the Fifth Amendment privilege against self-incrimination.'" Searcy v. Simmons, 299 F.3d 1220, 1225 (10th Cir. 2002) (quoting McKune, 536 U.S. at 49 (O'Connor, J. concurring)). To the extent that Appellant alleges that the same sort of ordinary privileges have been withdrawn based on his refusal to participate in sex therapy, and even assuming that all the allegations he made generally about ordinary privileges being withdrawn from any inmates are true for himself, his claim is foreclosed by McKune.

Appellant's second issue also lacks merit. His allegations that the OMR Committee violated his Fourteenth Amendment rights in the manner in which it reclassified him to a different privilege level for his refusal to participate in sex therapy fail to state a claim. As the district court pointed out, a prisoner's "[r]eclassification will implicate a protected liberty interest only where it imposes an 'atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life,'" R., No. 03-4054, doc. 3, at 4 (quoting Sandin, 515 U.S. at 485), "or threatens to lengthen his term of imprisonment," id. (citing Sandin, 515 U.S. at 487). We agree with the district court that Appellant "cannot show

that his reclassification imposed an 'atypical or significant' hardship on him, or that it is likely to lengthen his term of confinement."     Id. (quoting  Sandin , 515 U.S. at 485).

Conditional Parole as Compulsion to Speak

Appellant's third claim is that conditioning the availability of parole on his participation in sex therapy, which includes the requirement that he admit prior bad acts and risk being subjected to new criminal charges, amounts to unconstitutional compulsion in violation of the Fifth Amendment.  This is a question of first impression in this circuit, and the district court's dismissal with prejudice cannot readily be affirmed as to this claim for two reasons.  First, the district court did not specifically address this claim.  In addition, the Supreme Court stated in  McKune  that it was not considering whether linking eligibility for parole to participation in sex therapy constitutes compulsion for purposes of the Fifth Amendment.  536 U.S. at 38.     McKune  therefore does not resolve the parole question.

We find it unnecessary to decide at this point, however, whether Appellant's allegations are sufficient to state a claim because his materials do not show that he has exhausted his administrative remedies with respect to this specific claim.  This court recently held that the Prison Litigation Reform Act places the burden on the prisoner to demonstrate administrative exhaustion in his

complaint.  Steele v. Fed. Bur. of Prisons , No. 02-1492, 2003 WL 23019855,

at *3-*5 (10th Cir. Dec. 29, 2003) (discussing 42 U.S.C. § 1997e(a)).  We

concluded that to satisfy this burden,

> [a] prisoner must:  (1) plead his claims with "a short and plain
> statement . . . showing that [he] is entitled to relief," in compliance
> with Fed. R. Civ. P. 8(a)(2), and (2) "attach[] a copy of the
> applicable administrative dispositions to the complaint, or, in the
> absence of written documentation, describe with specificity the
> administrative proceeding and its outcome."

Id. at *5 (quoting  Knuckles El v. Toombs , 215 F.3d 640, 642 (6th Cir. 2000)).

Appellant may be able to cure this defect.  Therefore, we reverse the

district court's judgment solely as to Appellant's claim that conditioning the

availability of parole on participation in sex therapy violates the Fifth Amendment

privilege against self-incrimination, and only to the extent that the court's

dismissal was with prejudice rather than without prejudice.      See Steele , 2003 WL

23019855, at *8 (holding that dismissal for failure to exhaust administrative

remedies should ordinarily be without prejudice).  On remand, the district court

should dismiss this claim without prejudice for failure to exhaust administrative

remedies.

## Other Issues

Appellant's other arguments are without merit.  His ex post facto argument

challenging allegedly defective parole procedures is cognizable under § 1983 to

the extent that he seeks only injunctive or declaratory relief. Reed v. McKune , 298 F.3d 946, 954 (10th Cir. 2002). But Appellant has not made more than vague, conclusory, and inconsistent allegations that appellees could compel from the Board of Pardons and Parole the relief sought. Appellant's allegations are simply insufficient, and it would be futile to give him leave to amend to proceed with this claim. See id. at 954-55. (To the extent that Appellant claims that the possibility of a change in his conditions of confinement violates the Ex Post Facto Clause, his claim lacks merit because his complaint indicates that his present conditions are no more severe than those to which he could have been subject at the time of his offense. See Garner v. Jones , 529 U.S. 244 (2000).)

Next, Appellant's argument that the district court did not decide his First and Fourteenth Amendment claims is without merit. The district court did decide his Fourteenth Amendment claim that the OMR Committee violated his rights in the manner in which it reclassified his privilege level. The district court did not address a First Amendment claim, but this was not error; Appellant did not allege facts to support a First Amendment claim. His purported speech claim is about compulsion to speak under the Fifth Amendment, not freedom to speak under the First Amendment. Even though he is pro se, "plaintiff [is not relieved] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon , 935 F.2d at 1110. Finally, Appellant has not explained

how any distinct claim can be based on his assertion that sex therapy is required only because the prison is paid to provide it.

We do not read Appellant's briefs to raise any challenges to the denial of his motion for reconsideration distinct from those already addressed.

### Petition for Writ of Mandamus

In his paper styled "Writ of Mandamus Extraordinary Relief," Appellant argues that the district court did not rule on his First and Fourteenth Amendment claims, and asks this court to order the district court to do so. See "Writ of Mandamus Extraordinary Relief" at 2. We have addressed these arguments in his appeal. Mandamus is not a substitute for appeal. Schlagenhauf v. Holder, 379 U.S. 104, 110 (1964). The availability of an alternative avenue of relief, such as an appeal, precludes mandamus. See Mallard v. United States Dist. Ct., 490 U.S. 296, 309 (1989). Appellant's mandamus petition is therefore denied.

### Appellant's "Motion to Include on Denial of Liberty Interest . . ."

Appellant's collected papers styled "Motion to Include on Denial of Liberty Interest; Retaliation and Harassment; Denial of Due Process of Law" is partly another reiteration of the claims raised in other pleadings, partly an attempt to raise new claims that will not be heard for the first time on appeal, and partly

-13-

allegations made by other prisoners. The "motion" makes no clear statement of a claim for relief that may properly be raised by motion, and is denied.

Procedural Matters

Appellant filed a notice of appeal from the district court's initial dismissal of his complaint, which this court docketed as No. 03-4054. Appellant paid the filing fee for this appeal. After the district court denied Appellant's motion to reconsider, Appellant filed another notice of appeal, which we separately docketed as No. 03-4134. Appellant filed a motion to proceed in forma pauperis in this second appeal. The district court never entered a judgment on a separate document when it first dismissed the complaint, however, and so the time for Appellant to file his appeal or a motion to alter or amend the judgment never began to run. See Fed. R. Civ. P. 58, 59(e). Therefore, his motion to reconsider should have been treated as a motion to alter or amend the judgment under Rule 59(e). Once the district court decided that motion, Appellant's first notice of appeal became effective to appeal the dismissal of his complaint. See Fed. R. App. P. 4(a)(4)(B). To appeal the denial of the motion to reconsider, Appellant was required to amend his earlier notice of appeal, but he was not required to file an additional fee. See id. 4(a)(4)(B)(ii), (iii). Rather than construe Appellant's second notice of appeal as an amendment of the first notice of appeal, this court docketed the second notice of appeal as a new appeal and sought a fee. Now,

-14-

however, we construe Appellant's second notice of appeal as amending the notice of appeal in No. 03-4054 to include the district court's ruling on the motion to reconsider, we administratively terminate appeal No. 03-4134 as moot, we deny Appellant's motion to proceed in forma pauperis in No. 03-4134 as moot, and we direct the Clerk to refund to Appellant any part of the filing fee that has been collected in No. 03-4134 and to cease any further collection of the filing fee in that appeal.

## Conclusion

For the reasons set out above, appeal No. 03-4134 is administratively terminated and Appellant's motion to proceed in forma pauperis in appeal No. 03-4134 is denied as moot. The Clerk is directed to refund to Appellant any excess fee collected. The judgment of the district court is AFFIRMED in part and REVERSED in part, and the matter is REMANDED for further proceedings in accordance with this decision. We DENY any relief sought in Appellant's pleadings styled "Writ of Mandamus Extraordinary Relief" and "Motion to Include on Denial of Liberty Interest; Retaliation and Harassment; Denial of Due Process of Law." The mandate shall issue forthwith.

Entered for the Court

Harris L Hartz
Circuit Judge

-15-