**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAN HENRY TIJERINA, SR.,

      Plaintiff-Appellant,

v.

TOM PATTERSON,[*]

      Defendant-Appellee.

No. 06-4259
(D.C. No. 2:04-CV-935-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[**]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

In October 2004, plaintiff Dan Henry Tijerina, Sr., a Utah state prisoner

appearing pro se, filed this 42 U.S.C. § 1983 civil rights action against numerous

prison officials. In connection with screening his complaint pursuant to

28 U.S.C. §§ 1915–1915A, the district court filed an order (1) denying his

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Tom Patterson, the executive director
of the Utah Department of Corrections (UDOC), is substituted for Scott V.
Carver, the former executive director of the UDOC, as appellee in this action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motions for appointment of counsel and a preliminary injunction; (2) holding that the claims set forth in his complaint were nearly identical to those raised in his previous § 1983 case, *Tijerina v. Offender Mgmt. Review Comm.*, 91 F. App'x 86 (10th Cir. 2004), such that all but one was barred by the doctrine of claim preclusion; (3) dismissing the named prison-official defendants under the doctrines of Eleventh Amendment immunity and qualified immunity; (4) construing his complaint as a suit against the executive director of the Utah Department of Corrections (UDOC), joining the executive director under Fed. R. Civ. P. 19(a) as the sole defendant, and ordering official service of process on him; and (5) ordering the UDOC to prepare a *Martinez* report addressing plaintiff's remaining claim and the factual allegations supporting it, *see Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). *See* Aplee. Br., Add. D (Order filed May 31, 2005).

Thereafter, defendant filed a *Martinez* report and moved for summary judgment, challenging the sufficiency of the evidence underlying plaintiff's sole remaining claim that the Utah Board of Pardons and Parole (Board) violates the Fifth Amendment's privilege against compulsory self-incrimination by conditioning the availability of parole on whether an inmate convicted of a sexual offense, like plaintiff, has completed its Sex Offender Treatment Program (SOTP), in which the inmate will be required to admit prior bad acts and risk being subjected to new criminal charges. After carefully examining the *Martinez*

report and plaintiff's response to defendant's motion for summary judgment, the

district court granted defendant's motion, stating:

> Defendant has satisfied his initial summary judgment burden of showing that there is an absence of evidence to support Plaintiff's allegation that participation in SOTP requires inmates to make self-incriminating statements. . . .
>
>     . . . .
>
> Defendant has satisfied his initial summary judgment burden of showing that there is an absence of evidence to support Plaintiff's allegation that inmates are compelled to participate in SOTP by the likelihood that failure to do so will cause them to be denied parole.
>
>     . . . Based on the record before the Court it is clear that Plaintiff has not satisfied his burden on summary judgment of producing evidence showing a genuine issue of fact regarding whether the Board's policies amount to compulsion under the Fifth Amendment. Instead, the record clearly shows that participation in SOTP does not require inmates to incriminate themselves, nor does the failure to participate weigh so heavily in the Board's parole determinations as to amount to compulsion under the Fifth Amendment. Thus, the Court concludes that there is no genuine issue of material fact remaining and Defendant is entitled to judgment as a matter of law. *See* <u>Fed. R. Civ. P. 56.</u>

*Id.*, Add. E (Order filed Sept. 7, 2006) at 11, 13, 14. This appeal followed.

## I. JURISDICTION

We begin by examining our jurisdiction. Defendant contends that this court

lacks jurisdiction because plaintiff's notice of appeal was untimely, and he is not

entitled to the benefit of the prison mailbox rule embodied in Fed. R. App. P.

4(c)(1).

The deadline for filing a notice of appeal in a civil case expires thirty days after the judgment appealed from is entered. Fed. R. App. P. 4(a)(1). The district court in this case entered judgment on September 18, 2006. Plaintiff's notice of appeal was filed on October 20, 2006, two days late. Although it appears that he deposited his notice of appeal in the Central Utah Correctional Facility's internal mail system on October 16, 2006, it is uncontested that the Facility had an adequate legal mail system that plaintiff did not use. As such, his notice of appeal is not entitled to the benefit of the prison mailbox rule. *United States v. Ceballos-Martinez*, 371 F.3d 713, 716 (10th Cir. 2004) ("[I]f the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule."); *United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991) ("A pro se prisoner who fails to take advantage of the special filing rule applicable to notices of appeal posted through the legal mail system foregoes the benefits of that system.").

Notwithstanding, as plaintiff properly asserts in his reply brief, *see Sadeghi v. INS*, 40 F.3d 1139, 1143 (10th Cir. 1994) (noting exceptions to general rule prohibiting consideration of issues raised for the first time in a reply brief), under *Smith v. Barry*, 502 U.S. 244, 248-49 (1992), a timely filed pro se document may serve as the functional equivalent of a notice of appeal if it gives the notice required by Fed. R. App. P. 3(c). Thus, plaintiff asserts that his application for a certificate of appealability (COA), filed within the thirty-day deadline prescribed

by Rule 4(a)(1), gave the notice required by Rule 3(c) and therefore is the functional equivalent of a notice of appeal. We agree. Rule 3(c) requires that a notice of appeal specify the party or parties taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). Plaintiff's timely-filed application for a COA—although legally unnecessary in a § 1983 action—specified the party taking the appeal and attached a copy of the final judgment. It did, however, fail to name the Tenth Circuit as the court to which the appeal was being taken. Despite this omission, we conclude that a dismissal for want of jurisdiction is unwarranted. *Cf. United States v. Treto-Haro*, 287 F.3d 1000, 1002 n.1 (10th Cir. 2002) (observing, in case involving a notice of appeal, not a document purported to be its functional equivalent, that Tenth Circuit possessed jurisdiction despite appellant's failure to name Tenth Circuit because it was the only court to which appellant could take his appeal, and his omission "did not prejudice or mislead" appellee); *Dillon v. United States*, 184 F.3d 556, 557 (6th Cir. 1999) (holding that "where only one avenue of appeal exists, Rule 3(c)(1)(C) is satisfied even if the notice of appeal does not name the appellate court"); *see also Smith*, 502 U.S. at 248 (indicating that Rule 3's requirements will be liberally construed and stating that the purpose of the rule's requirements "is to ensure that the filing provides sufficient notice to other parties and the courts").

Because plaintiff's application for a COA constituted the functional equivalent of a timely-filed notice of appeal under *Smith v. Barry*, we conclude that we have jurisdiction over plaintiff's appeal. *See Rodgers v. Wyo. Att'y Gen.*, 205 F.3d 1201, 1204 & n.3 (10th Cir. 2000) (observing that this court has often permitted an application for a COA to serve as a notice of appeal and that it has applied the *Smith v. Barry* standard in a variety of pro se appeals, including prisoner civil rights cases), *overruled on other grounds as recognized by Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001).

## II. DISCUSSION

On appeal, plaintiff, whose pro se pleadings we liberally construe, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), contends the district court erroneously (1) held all but one of his claims barred by claim preclusion, (2) granted defendant's motion for summary judgment on his sole remaining claim, and (3) failed to appoint counsel. *See* Aplt. Opening Br. at 6, 11. We review the district court's claim preclusion ruling de novo. *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1151 (10th Cir. 2006) (citing *Wilkes v. Wyo. Dep't of Employment*, 314 F.3d 501, 503 (10th Cir. 2003)). We review the district court's summary judgment ruling de novo, "applying the same standard the district court should apply under Fed. R. Civ. P. 56 (c)." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (internal quotations omitted). We review

the "district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." *Id.* at 1223.

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that plaintiff has not shown any reversible error in this case. Specifically, the district court correctly applied the claim preclusion doctrine, *see Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (explaining doctrine), in holding that all but one of plaintiff's claims "were either previously dismissed with prejudice, or are so closely related to those dismissed claims that they should have been raised in Plaintiff's previous [§ 1983] suit, [*Tijerina*, 91 F. App'x 86]," Aplee. Br., Add. D at 7. Likewise, the district court correctly entered summary judgment in defendant's favor because plaintiff failed to either "challenge[] the admissibility of the evidence submitted by Defendant," or "come forward with any evidence in rebuttal," *id.*, Add. E at 7. *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (stating that "[o]nce the movant carries [his] burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof" (internal quotations omitted)). Finally, neither the district court's denial of plaintiff's motion for appointment of counsel, nor its failure to "'revisit' the issue" on its own initiative, Aplt. Opening Br. at 11, was an abuse of discretion. In denying

plaintiff's motion for appointment of counsel, the district court carefully considered the factors pertinent to "deciding whether to appoint counsel," *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (identifying factors), and concluded that plaintiff had not met his burden of convincing the court that the appointment of counsel was warranted, *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Further, plaintiff did not renew his motion for appointment of counsel at any time subsequent to the district court's denial of that motion.

## III. CONCLUSION

The judgment of the district court is AFFIRMED. Plaintiff's motion to proceed on appeal without prepayment of costs or fees is GRANTED, and he is reminded that he must make partial payments until his entire appellate filing fee is paid. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge