**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

LEE ROY WASHINGTON,

   Defendant-Appellant.

No. 98-6024
(D.C. No. 97-CV-997)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lee Roy Washington appeals from the district court's dispositions denying as untimely his habeas petition filed pursuant to 28 U.S.C. § 2255 and denying his motion for reconsideration. We previously granted Washington leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915, and a certificate of appealability as required by 28 U.S.C. § 2253(c)(1)(B). At the court's direction, appellee has filed a response brief.

Washington filed his § 2255 motion on June 20, 1997, three years after his judgment of conviction, and after April 24, 1997--the crucial one-year cut-off date for filing § 2255 motions pertaining to convictions which became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). See Simmons, 111 F.3d at 745-46. The district court entered an order stating that the motion would be denied as untimely unless Washington could demonstrate that he fell within one of the exceptions to § 2255's one-year filing limitation. See § 2255 (2)-(4). The court directed Washington to file a brief.

Washington's brief argued that 1) application of AEDPA to his conviction would be impermissibly retroactive; 2) his due process rights were violated because he had no notice of the one-year limitation on filing; and 3) he timely filed his § 2255 motion because he originally placed it in the prison mail system on April 23, 1997. On this last point, Washington asserted that he called the district court later and learned that it had not received his § 2255 motion, so he

re-filed it on June 10, 1997. In support of these points, his brief stated that he attached an affidavit; however, no affidavit appears to have been attached. Washington did not assert that any of the exceptions to the one-year limitation applied.

The district court rejected Washington's retroactivity argument, and concluded that he had not demonstrated applicability of any of the § 2255 exceptions. Addressing the contention that he had timely filed his § 2255 motion, the court noted that no affidavit was attached to Washington's brief. It determined that he had not made the requisite showing, and denied the § 2255 motion as untimely filed.

Washington filed a motion for reconsideration, attaching the affidavit he says should have been attached to his brief, together with other supporting documentation. Washington's affidavit provides more detail, but essentially mirrors his original contentions that he had placed his original § 2255 motion in the prison mail on April 23, 1997, but had to re-file in June 1997 because the court had not received or filed his first motion. The attachments to the affidavit include a letter from Washington to the district court dated May 19, 1997, inquiring into the status of a § 2255 motion he claims to have mailed "nearly one month ago." The letter contains an undated, typed response from the court that no such motion had been received. See R. Vol. I, doc. 630, Exhibit E.

The district court construed Washington's motion for reconsideration as a motion filed pursuant to Fed. R. Civ. P. 60(b), and denied it, concluding that Washington had satisfied none of the bases for relief under the rule. The court stated that Washington had not contended that the affidavit was missing from his earlier brief due to mistake, inadvertence or excusable neglect, and that his earlier brief "made no reference" to the affidavit. Id., doc. 631, at 2. The court also said that Washington had presented no argument regarding applicability of the exceptions to the one-year filing limitation found in § 2255, had not asserted that the information in the affidavit was newly discovered, and had not shown that justice required relief. Finally, the court stated that "[t]he power granted by Rule 60(b)(6) is not for the purpose of relieving a party like Defendant from calculated, deliberate choices made or from a pattern of dilatory conduct." Id.

On appeal from the district court's disposition, Washington asserts that the court wrongly denied his § 2255 motion as untimely filed. He reiterates the facts set out in his affidavit in support of his contention that his original motion was timely filed because he delivered it into the prison mail system on April 23, 1997. He urges this court to consider that he is pro se and has no control over his filings

once he delivers them to prison officials. He contends that the interests of justice compel the court to look at the merits of his claims. [1]

This court usually reviews grants or denials of Rule 60(b) motions only for abuse of the court's discretion. See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996). Nonetheless, after review of the record on appeal and the applicable law, we conclude that the district court's ruling is based on two errors which have resulted in an abuse of that discretion.

First, the district court stated that Washington did not contend that the omission of his affidavit was due to mistake, inadvertence or excusable neglect. Although Washington, a pro se litigant, did not use those words, his motion for reconsideration, when liberally construed, certainly conveys the idea that the affidavit was meant to be attached to his earlier brief. Further, Washington was unlikely to address the Rule 60(b) standards expressly because he filed his motion pursuant to Rule 59. The court construed the motion as under Rule 60(b) only because it was filed more than ten days after the court's ruling on October 2. [2]

---

[1] For the first time on appeal, Washington also contends that the time for filing his § 2255 motion should be tolled until one year from the date he learned from his attorney that his direct appeal had been decided. We will not consider this argument, as it was not raised to the district court. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995).

[2] Washington's motion for reconsideration was dated October 10, but was not filed in the district court until October 17. No explanation is given for this delay in filing, and the district court did not address it.

The district court's strict adherence to the standards of Rule 60(b) resulted in its failure to liberally construe Washington's pleadings.

Second, the district court's comment that Washington did not refer to the affidavit in his earlier brief is wrong. Washington clearly referenced an attached affidavit concerning the facts surrounding the filing of his § 2255 motion. See R. Vol. I, doc. 624, at 7. Although the court's comment about dilatory conduct seems to indicate that it disbelieved Washington's affidavit, it did not directly address any of Washington's contentions, relying instead on its conclusion that Washington had not shown entitlement to consideration of his arguments under any of the provisions in Rule 60(b). Cf. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) (noting trial court's finding of fact that carelessness could not amount to excusable conduct under Rule 60(b), therefore court did not abuse its discretion).

Although a district court has considerable discretion in ruling on a Rule 60(b) motion, see id., the court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir. 1993)) (further quotation omitted). Here, the district court's Rule 60(b)

ruling appears to be premised on its own factual error and on its failure to liberally construe a pro se litigant's arguments.

In response, appellee contends that Washington's underlying arguments about the timeliness of his § 2255 motion lack merit. The government presents evidence and arguments suggesting that Washington cannot prove he deposited his alleged original § 2255 motion in the prison legal mail system on April 23, 1997, and therefore cannot claim the benefits of the "prisoner mailbox rule." See Houston v. Lack, 487 U.S. 266, 270 (1988); United States v. Leonard, 937 F.2d 494, 495 (10th Cir. 1991). Because the government did not respond to Washington's original brief or his motion for reconsideration, these arguments and evidence have not been presented to the district court. Further, although this court may affirm the district court's judgment on alternative grounds not relied on by that court, we may only do so where the litigants have been provided a fair opportunity to develop the record on point. See Seibert v. State of Okla., ex rel. University of Okla. Health Sciences Ctr., 867 F.2d 591, 597 (10th Cir. 1989). Washington has not been given an opportunity to refute or discuss the government's new arguments and evidence; we cannot affirm the district court's judgment on this basis.

We express no opinion about Washington's arguments regarding the timeliness of his habeas motion. The district court did not address the merits of

Washington's underlying claims and this court cannot consider them in the first instance. See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.), 951 F.2d 1175, 1182 (10th Cir. 1991). We hold only that, as a result of its improper denial of Washington's motion for reconsideration, the court erred in declining to address the substance of Washington's arguments regarding the timeliness of his alleged original § 2255 motion in light of the applicable legal standards and the facts presented in this case. The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and this case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Wade Brorby
Circuit Judge