**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

DEREK A. FREDETTE,

  Defendant-Appellant.

No. 05-8128
(D.C. No. 04-CV-289-J)
(D.C. No. 01-CR-52-J)
(Wyoming)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Derek Fredette, a federal prisoner proceeding *pro se*,[1] appeals the district

court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his

sentence. The district court held the motion was not timely filed with respect to

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Because he is proceeding *pro se*, we review Mr. Fredette's pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Fredette's ineffective assistance of counsel claims. The court addressed Mr. Fredette's timely claim that his sentence was invalid in light of *Blakely v. Washington*, 542 U.S. 296 (2004), but held that *Blakely* was not retroactively applicable.[2] Mr. Fredette appeals only the timeliness ruling. For the following reasons, we affirm.

A jury convicted Mr. Fredette on one count of conspiring to commit mail and wire fraud in violation of 18 U.S.C. § 371, one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of mail fraud in violation of 18 U.S.C. § 1341. The district court sentenced him to sixty months imprisonment on the first count and twenty-four months on the second and third counts, the latter to be served concurrently to each other but consecutively to the sixty-month sentence. The court ordered him to pay restitution in the amount of $743,360. We affirmed, *United States v. Fredette*, 315 F.3d 1235 (10th Cir. 2003), and on May 19, 2003, the Supreme Court denied his petition for a writ of certiorari, *Fredette v. United States*, 538 U.S. 1045 (2003). Mr. Fredette filed the present § 2255 motion on October 15, 2004.

Mr. Fredette's § 2255 motion is governed by the Antiterrorism and

---

[2] The district granted Mr. Fredette's application for a certificate of appealability but denied his motion for leave to proceed *in forma pauperis*, which he renews on appeal. Because Mr. Fredette has established "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir.1991), we grant the motion to proceed *ifp*.

Effective Death Penalty Act (AEDPA), which establishes a one-year limitation period for federal prisoners seeking habeas relief. *See* 28 U.S.C. § 2255. The one-year period began to run in Mr. Fredette's case on May 19, 2003, the date on which the Supreme Court denied certiorari. *See United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000). He therefore had until May 19, 2004 to file his § 2255 motion. Mr. Fredette's filing on October 15, 2004 was therefore facially out of time.

In his reply to the government's response to his § 2255 motion, Mr. Fredette contended the AEDPA's one-year period of limitation should be tolled from May 19 until September 25, 2003. Section 2255 provides that the one-year limitation period

> shall run from the latest of – (1) the date on which the judgment of conviction becomes final; [or] (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, *if the movant was prevented from making a motion by such governmental action*.

28 U.S.C. § 2255 (emphasis added). Mr. Fredette contended the government created an impediment to his filing a motion by denying him access to legal materials in violation of his constitutional right to access the courts during that time by transferring him through as many as six different prison facilities. Rec. vol I, tab 4 at 3-4. Even if Mr. Fredette was denied access to any legal research materials whatsoever between May 19 and September 25, 2003, nonetheless, he has failed to show as required by this statutory tolling provision how this actually

prevented him from filing his § 2255 motion in the months remaining before May 19, 2004.

Nor are we persuaded Mr. Fredette established a claim for general equitable tolling. *See United States v. Willis*, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (applying equitable tolling analysis to timeliness of § 2255 motion). Equitable tolling is available "only in rare and exceptional circumstances," such as when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents him from timely filing, or when he actively pursues judicial remedies but files a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotation marks omitted). "Simple excusable neglect is not sufficient," and "a petitioner must diligently pursue his federal habeas claims." *Id*. (citation omitted). "[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling," *id*. (citation omitted), particularly where, as here, it was for a relatively short period of time. As previously noted, Mr. Fredette made no showing that he exercised due diligence in pursing his federal claims.

In any event, even if we were to toll the one-year period of limitation between May 19 and September 25, 2003, as Mr. Fredette requests, his motion would still not be timely filed. The district court found that Mr. Fredette "submitted" his § 2255 motion on September 25, 2004, but failed to comply with the provisions of the prison mailbox rule. "The prison mailbox rule . . . holds that

a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (internal citations omitted); *see also United States v. Gray*, 182 F.3d 762, 765 n. 4 (10th Cir. 1999) (holding that prison mailbox rule applies to § 2255 motions).

> An inmate can establish the date on which he or she gave the papers to be filed with the court to a prison official in one of two ways. First, if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule. The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system – or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the mandatory method by which a prisoner proves compliance with the mailbox rule is to submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the [filing's] date of deposit with prison officials and attest that first-class postage was pre-paid.

*Price*, 420 F.3d at 1165 (internal citations and quotations omitted).

Mr. Fredette did not claim, nor did he show, that he utilized his prison's legal mail system. *See United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991) (holding that prison mailbox rule does not apply to regular prison mail system). Nor did he submit a notarized declaration stating the date on which he deposited his motion with prison officials to be mailed. Accordingly, October 15, 2004, the date on which the district court received the motion, is the date the motion was effectively filed. Even if the one-year filing deadline was tolled until

September 25, 2003, therefore, Mr. Fredette's motion filed more than a year later on October 15, 2004 is still untimely.

For the aforementioned reasons, we **GRANT** Mr. Fredette's motion for leave to proceed *ifp* and **AFFIRM** the district court's order dismissing his § 2255 motion as untimely.

Entered for the Court


Stephanie K. Seymour
Circuit Judge
