FILED
United States Court of Appeals
Tenth Circuit

July 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEROY DAMASIO FRESQUEZ,

Plaintiff-Appellant,

v.

JEFFERSON COUNTY; DEPUTY
BALDWIN, Jefferson County Sheriff's
Office; CORRECTIONAL
HEALTHCARE MANAGEMENT;
NURSE KRISTA BIES; NURSE
TATYANA BISKUP-STOJILKOVIC;
NURSE VICTORIA CURTIS; NURSE
TRACY HAINES; NURSE SHIRLEY
WITHROW; NURSE BARBARA
GREER,

Defendants-Appellees.

No. 11-1461
(D.C. No. 1:08-CV-01233-CMA-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Leroy Damasio Fresquez, a Colorado state prisoner appearing pro se, filed this civil rights action against Jefferson County Sheriff's Deputy Baldwin and six Correctional Healthcare Management (CHM) nurses. His claims stem from an alleged delay in receiving medical care after he was assaulted by a fellow inmate. Specifically, he contends that Deputy Baldwin was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and that the CHM nurses engaged in professional negligence in violation of Colorado law. The district court granted Deputy Baldwin's and the CHM nurses' motions for summary judgment and dismissed the case with prejudice. Mr. Fresquez appeals.

As a threshold matter, we must determine whether we have jurisdiction to hear this appeal. *See Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004) (observing that as an Article III federal court, we possess "inherent jurisdiction . . . to determine [our] jurisdiction" (internal quotation marks omitted)). At issue is whether Mr. Fresquez filed a timely notice of appeal, which is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal quotation marks omitted). We hold that he did not, and dismiss the appeal for lack of subject matter jurisdiction.

## DISCUSSION

"The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (internal quotation marks omitted). "Moreover, the party claiming appellate jurisdiction bears the burden of establishing our subject-matter jurisdiction." *Id.*

"28 U.S.C. § 2107(a)—from which Federal Rule of Appellate Procedure 4(a) derives—requires that an appeal be brought in a civil case 'within 30 days after the entry of [the] judgment, order or decree.'" *Watkins v. Leyba*, 543 F.3d 624, 626 (10th Cir. 2008). In this case, the district court entered judgment on Tuesday, March 8, 2011. Pursuant to Fed. R. App. P. 26(a)(1), the notice of appeal was due on Thursday, April 7, 2011; that is, "within 30 days after the entry of the judgment . . . appealed from," Fed. R. App. P. 4(a)(1).

Because Mr. Fresquez was an inmate confined in an institution, he had to deposit a notice of appeal in the institution's internal mail system on or before April 7, 2011. *See* Fed. R. App. P. 4(c)(1). Under Rule 4(c)(1), an inmate's

> notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate *must* use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

*Id.* (emphasis added).

The envelope containing Mr. Fresquez's notice of appeal was postmarked September 29, 2011, and the clerk of the court filed it on September 30, 2011. Appellees filed a joint motion to dismiss, arguing that Mr. Fresquez's untimely notice of appeal leaves this court without jurisdiction to consider the appeal's merits.

Mr. Fresquez responded. He alleges that various officials at the Denver Downtown Detention Center were motivated to intercept his legal mail, and he maintains that he deposited the notice of appeal in the Center's internal mailbox on March 18, 2011.

- 3 -

His response is accompanied by a declaration pursuant to 28 U.S.C. § 1746, in which he swears that he deposited the notice of appeal on March 18, 2011, that he is indigent, and that he lacked postage.

Appellees counter that Mr. Fresquez cannot satisfy Rule 4(c)(1)'s requirements. Among other things, they argue that he cannot demonstrate that he used the Denver Downtown Detention Center's formal legal mail system, which use is mandatory under Rule 4(c)(1). *See, e.g.*, *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (explaining that where a satisfactory legal mail system is available, an inmate must establish timely filing by "alleging and proving that he or she made timely use of" the system). In support, appellees offer the sworn affidavit of Denver Sheriff's Deputy Mark Padilla. Deputy Padilla's affidavit explains that he works for the Denver Sheriff's Department and is assigned to the mail room at the Denver Downtown Detention Center. According to his affidavit, "[it] is the policy and practice of the Denver Sheriff's Department to make copies of all envelopes containing the outgoing legal mail of inmates who need postage prior to sending the legal mail out of the facility and to maintain copies of those legal mail records." Aff. at 2, ¶ 3. Appellees also submitted true and authentic copies of all envelopes containing inmate legal mail from March 14 through March 25, 2011, demonstrating that Mr. Fresquez did not deposit any legal mail in the Center's mailbox on March 18, 2011. Indeed, the envelopes show he did not mail any legal documents to the district court or to this court between March 14 and March 25, 2011.

In his surreply Mr. Fresquez alleges in conclusory fashion that this court should evaluate the prejudice he has suffered in trying to send legal mail because the system in place allows officials to intercept, delay, and not log legal mail. But his allegations do not negate appellees' evidence that he did not use the Center's formal legal mail system as required.[1] Thus, Mr. Fresquez cannot satisfy his burden of establishing this court's subject matter jurisdiction. *See Ceballos-Martinez*, 387 F.3d at 1144; *United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991) ("A pro se prisoner who fails to take advantage of the special filing rule applicable to notices of appeal posted through the legal mail system foregoes the benefits of that system.")

## CONCLUSION

This court demands strict compliance with the requirements of Rule 4(c)(1), even from pro se litigants. *See Ceballos-Martinez*, 387 F.3d at 1145-46; *see also id.* at 1146 ("[I]n hewing faithfully to the specific requirements of Rule 4(c)(1), we do nothing more than recognize that failure to comply with a jurisdictional mandate deprives this Court of jurisdiction to consider the merits of an appeal."). Because Mr. Fresquez has not complied with Rule 4(c)(1)'s requirements, we **DISMISS** the appeal for lack of subject

---

[1] Nor is his argument analogous to that with which we were presented in *United States v. Gray*, 182 F.3d 762 (10th Cir. 1999). In *Gray*, we concluded that because the prison's legal mail system did "*not* provide a log or other record of the receipt by prison authorities of all legal mail sent from the facility" the inmate "should *not* be barred . . . from receiving the benefit of the mailbox rule." *Id.* at 766 (emphasis added).

matter jurisdiction and **DENY** as moot his motion for leave to file an appendix to his reply brief on the merits.

Because Mr. Fresquez has failed to present "a reasoned, nonfrivolous argument on . . . appeal," we also **DENY** his motion to proceed *in forma pauperis*, and order immediate payment of the unpaid balance of the appellate filing fee. *Watkins*, 543 F.3d at 627 (internal quotation marks omitted). Finally, we **DENY** all other pending motions.

Entered for the Court

Jerome A. Holmes
Circuit Judge